Good morning, Your Honors. My name is Autumn Renee Donnelly, and I am a counsel to the Office of the State Appellate Defender, and I represent Ms. Valzonis today. On appeal, we presented this court with three questions. One, whether the evidence was sufficient to prove Ms. Valzonis possessing 732 grams of cannabis. Two, whether counsel was competent for stipulating that his client, Ms. Valzonis, possessed 732.3 grams of cannabis. And three, whether Ms. Valzonis was properly fined for possessing 732 grams of cannabis. I'd be happy to just – I'm sorry. I think – does issue number two really, one way or another, resolve issue number one? Yes. If issue number one, if this Court finds, which is not our position, but if this Court finds that the stipulation forecloses a reasonable doubt argument, then this Court should still find that trial counsel was ineffective for stipulating, for entering into that stipulation that would bar Ms. Valzonis's first argument. And then the third argument, I'd be happy to answer any questions about the fines and fees issue, but I would like to focus today on the first two arguments that Justice Lynch has mentioned, which are how Ms. Valzonis could have been convicted of possessing this very specific amount of cannabis when the testimony and the evidence showed that the officer co-mingled all the contents of the different weighing or field testing them, and how Ms. Valzonis was competently represented by counsel when her own attorney may have agreed that what was found was in fact 732 grams of cannabis. In this case, the State had a pretty simple job of proving two things, the nature of the substance that was found in Ms. Valzonis's home and the weight of that substance. But the officer's act of co-mingling the substances prior, without testing them first or weighing them independently, prevented the State from proving the essential element of the weight of that substance. It's really a principle, it's really a matter of common sense. This principle is, if you, if an officer co-mingles an actual controlled substance with a lookalike controlled substance without first determining how much of each was in that combined number, the officer then exposes the defendant to an increased penalty for possessing the gross weight of both. In here, that's exactly what the officers did by combining those, all those, the contents of all those different containers that were found in the bedroom. The officer didn't weigh any of them, didn't field test any of them. The officer just emptied all of those containers into one bag. And in doing so, the officer prevented the State from being able to prove how much actual cannabis Ms. Valzonis possessed. The Jones case says that, you know, circumstances where the things that are co-mingled are sufficiently homogenous that, you know, testing the sample is all that's required. That's what the State is arguing here, is that these things were the same sufficiently so that the co-mingling doesn't matter. But what's your response to that? Cannabis by its nature is not a homogenous substance. For purposes of homogeneity, for the purposes of this question, is whether they'd be readily identifiable as the same. Now, the Kaloudis case is a case where the appellate court did find that the controlled substances were sufficiently homogenous because that involved pills. And there were 100 pills in that case. And all of the pills had the testimony adduced to trial established that they all were the same size, shape, color. They had the same identifying markings. They actually had the same beveling. At that point, a random sample could be tested. Cannabis is more akin to a loose, powdery substance, which is what was the issue in the Jones case, a rocky substance. Or as this court most recently found in Peeble v. Holiday, that cannabis is just by nature not a homogenous substance. And referring to, as in this case and as in Holiday, that the substance is merely, quote, cannabis, does not allow the trier of fact to find that it's sufficiently homogenous. There was one mention on the record of one description of the substance as a dark, leafy substance. A lot of things can be described as a dark, leafy substance. There wasn't any other testimony as to its appearance, its scent, its weight, anything that would allow the judge to find that it was sufficiently homogenous. Now, we understand that there is a stipulation in this case. And that brings us back to Justice Schmitt's point that it is the first argument that Ms. Falzonis couldn't have been found guilty, isn't that barred by the stipulation in this case. Now, the stipulation in this case only states that, one, there was a sufficient chain of custody, and two, that the commingled substances tested positive for the presence of cannabis. So the stipulation in this case shouldn't bar Ms. Falzonis' argument as to the sufficiency of the evidence. We're not challenging the chain of custody. We're not arguing that the substance recovered was not the substance tested. We're not arguing that there had been any tampering or alteration of the evidence. So, in short, that this just isn't one of the cases that's one of the typical challenges to a chain of custody. We're just arguing that because the substances were commingled, it makes it of the substance that she, the controlled substance that Ms. Falzonis actually possessed. But back again to your point, Justice Schmitt, if this court does find that the stipulation bars Ms. Falzonis from challenging the sufficiency of the evidence, this court should also find that trial counsel was ineffective for entering into that stipulation. So, as I mentioned earlier, this is really a principle of common sense. If you put everything into one bag, there's no way to determine how much of that bag is actually cannabis, especially when the test revealed that it's tested positive for the mere presence of cannabis. There's an entire body of case law dedicated to explaining this principle, including the Jones case. Just so Brian mentioned, Clinton, Coleman I, Coleman II, all of which predate Ms. Falzonis' trial, Jones, in fact, by 20 years. And counsel knew that all the different contents of the different individual containers had been commingled. He knew this prior to trial. About a year and a half before Ms. Falzonis' trial, counsel asked the court for continuance, in fact, to look into filing a possible motion regarding the fact that the items had been commingled. Then at the hearing on counsel's motion to produce the confidential informant, which was the only motion that counsel filed, counsel challenged the element of intent to sell by remarking that the evidence was found in multiple rooms, in different containers. So he was aware of this. What counsel seemed to not be aware of was the law, because after he stipulated, the stipulation was the first step of the trial. It was entered into evidence before the prosecutor called the first witness. Counsel moved for a directive finding at the close of the state's case, arguing that the state didn't prove how much actual cannabis Ms. Falzonis And then during his closing argument, counsel also argued that the state did not prove how much actual cannabis Ms. Falzonis possessed, because it was found all over the bedroom. Had counsel done as he had promised the court and looked into this issue, counsel would have discovered that his stipulation would have foreclosed an argument, which is the Coleman 1 case. And that case is the case that the trial counsel said on the record he was not aware of at the time he stipulated. He said, I freely admit I was not aware of this case. And in that, this is a very unique ineffective assistance of counsel argument. Usually, we don't have on the record affirmative evidence that counsel, that counsel's decision not to pursue a strategy or an available defense was a matter of strategy. We usually don't know that it was a lack of investigation. Here, counsel admitted on the record, I didn't know about this case. Well, that happens. Absolutely. For defense attorneys, it happens. Yes, it does. It does. It absolutely can happen. I know that they admitted that they didn't know something after the post-judgment matter. That he admitted that he didn't know. But that is affirmative. I mean, the fact that he admitted it, it just, it doesn't, all it impacts is whether or not we know on the record without having to deduce evidence from outside the record that he was not aware of it, that he was just not aware of that case. And did not know that his stipulation would foreclose a challenge to the sufficiency of the evidence. So even if counsel had pursued a different strategy, and it's not clear from the record what strategy counsel was actually pursuing because his motion to produce the confidential informant was denied. He admitted his client's residency in the home. She admitted on the stand that she lived at the house. Also, knowledge of the client admitted that she, on the stand, knew that there was some amount of cannabis in the house. There didn't seem to be any strategy. And even if he, even if counsel were pursuing a different strategy, arguing that the state could not prove the actual weight of the cannabis would not have impacted or been precluded by any other argument, which is what the first district found in Miramontes. That it was cited in reply that no matter what, in a Coleman case, the defense counsel has the duty to raise this defense. Because it's so clear cut and it would end up in an acquittal for his client. This is also a unique case because not only do we have trial counsel's admission that he didn't know of the Coleman case or know that his stipulation would have prevented a challenge to the sufficiency. We also have on the record a form of evidence that it prejudiced Ms. Valzonas. The trial court at multiple junctures mentioned, the trial judge said, I feel like there's something missing here. I feel like the state didn't prove its case. But I'm stuck by this stipulation. And I have to pursue what the stipulation, I have to adhere to what the stipulation provided, which the trial judge had read, concluded, that posed the issue of whether or not the substance was in its entirety cannabis. And since we, either way, whether this court finds that the trial court erred by convicting Ms. Valzonas of possessing 732 grams of cannabis, or this court finds that trial counsel was ineffective for stipulating to the actual weight of cannabis that Ms. Valzonas possessed, this court should reduce Ms. Valzonas' conviction to the class B misdemeanor possession with intent to deliver 2.5 grams or less and remand to the, that's the lowest amount prescribed by law, and remand to the circuit court to determine her fines and fees that are related to that. Thank you. Thank you. Mr. Lerner. May it please the court, counsel, I think the evidence here is overwhelming. The defendant and his client not only stipulated to the substance that it was cannabis, but the stipulation stated, stipulated that it weighed 732 grams. We got that, but so what about the stipulation? Well, the stipulation, I believe. What reasonable lawyer would do that? Well, the inference that can be alleged in the record here is the search warrant was for this man named Vito, who had sold drugs out of the house before, and the whole strategy here, I believe, was that they were going to say that Ms. Valzonas owned the house, but it was Vito's marijuana. Well, okay, but that's a, but the question is, was it 732 grams of marijuana? Look, I went to college in Boulder, Colorado in the University of Illinois in the late period of police. I knew what marijuana looked like, all right? But nonetheless, I couldn't walk into court and say, here, this guy's got marijuana. Here it is. That's marijuana because I know what marijuana looks like. I can't get that. It's really, I don't care what you think, you know, you got to have a lab test to prove that that's marijuana. So shouldn't each, it's like going through a house and finding a bag of cocaine and then taking a bag of flour and dumping into it also because it's a substance containing. Yes. And before you co-mingled these things to get a total weight, didn't you have to test each container? Well, the defense attorney released the state of that burden by stipulating that this was indeed marijuana. That's the point. That's the whole point. So I'd like you to address the ineffective assistance of counsel. That was my next argument. It was not effective assistance of counsel because it looks from the record that the defendant not only agreed or acquiesced with trial counsel's approach. It says here the defense attorney told the judge, quote, yes, judge, I went over it, even the stipulation with my client also, end quote. Here the defendant's approach or strategy doesn't have to be a winning one as long as it's a reasonable one. I think from the record you can tell that. But isn't this, I mean, what you're saying is that there's no need to even have this in a post-conviction setting because it's unreasonable on its face. It's not unreasonable on its face because I believe from the record you can glean that defense counsel's strategy was this wasn't Ms. Belzona's marijuana. This was Vito's marijuana. She testified that he stayed there a couple days a week. How would that strategy be any different if he had not stipulated and had required that the testing be done? It was tested. From each individual bag? Not from each individual bag, no. So how would this stipulation, if it didn't enter into, how would that affect that strategy that this was Vito's? It would not affect probably the strategy. It would just be a different strategy. But you have to look, you can't look at hindsight. That's what we do here in the appellate court. I know. But you have to look and see if the strategy was feasible. And here you can glean from the record that trial counsel's strategy was he was going to stipulate that yes, this was marijuana, and this is how much it weighed. So the strategy was not only was it somebody else's, but they had a lot. Yes. That was the strategy? Yes. To show I didn't do it, it was another person, and they had a lot. It was Vito's strategy. That was the strategy. It doesn't have to be a winning strategy, just a feasible strategy, I believe. It would be feasible. Let me ask you this. Without the stipulation, how was the state going to prove the weight? Well, then they would have to put the forensic scientist. And then you say, objection, your honor. They've already testified. They co-mingled that stuff. So wouldn't that weight of that total bag be inadmissible? Well, then my alternative argument here is it's homogeneous. You said that you knew what cannabis smelled like by the time you got on your police force. This officer, he was on the police force for 28 years. He was on the Drug and Gang Enforcement Agency. He took all these different bags of cannabis. You know what cannabis smells like. It's strong and pungent. It's not spinach. It's not kale. But can you prove something's cannabis on the law? I know what cannabis looks like. I'm experienced. And can you prove it that way in court? Yeah, that would lead us to the Jones case where he can prove that each bag was homogeneous. And he dumped everything into one bag. And that would be sufficient to prove the defendant guilty beyond a reasonable doubt. How were they able to prove that then? Through the lieutenant's testimony of his experience. That would be the only way that the people would be able to prove that it was homogeneous. Because of his experience, it all looked the same. And it was all in small bags. A lot of things look like marijuana. What does? A lot of stuff looks like marijuana. Yes, a lot of stuff looks like marijuana. But not very many things smell like marijuana. Okay, so you could tell me when each layer, this smell came from this little piece. And this other piece doesn't give a smell. But this piece overwhelms this other little piece. No, but by each bag, you could tell. If you open up the bag, you could smell whether this was marijuana or not. Let me ask you this, Mr. Leonard. Are you aware of one case that says that the state can prove somebody guilty of possession of marijuana without a chemical test of the substance to prove that it was marijuana? That is just based on the officer's testimony. I know what that looks like, and that's it. Yeah, no, there are no cases like that. You have to show by testing. And the Coleman case, which I cited, that was a case where there were several bags of white powdery substance. The one officer took the 14 small bags and put them in the one larger bag, and that was tested. And in that case, also, a trial counsel and defendant stipulated that that was all cocaine, and he was convicted of the lawful possession of cocaine. So there is precedent for my argument. But as you said, you have to prove it through a scientific test that it is cocaine. It was proven by Sarah Jones here, the forensic scientist, that the presence of cannabis was present in this large bag of SART cannabis. So my argument here is that defense counsel was not ineffective because he stipulated to the weight and the amount of the cannabis because he had a reasonable strategy. And also, the defendant should be barred from raising that argument because it appears from the record that she agreed with her trial attorney's strategy that it was not my cannabis, it was Vito's cannabis. It's not clear. If you find that it's not clear from the record, I believe that that's the situation for a post-conviction petition where there could be testimony of what the client said and what the attorney said. If you don't have any other questions, I ask that you affirm the defendant's conviction. Oh, there's one other thing I wanted to bring up. The street value fine I had argued about Rule 472 applied retroactively where the trial court has to decide the amount of the fines. That was overruled by People v. Bar, our Supreme Court, earlier. So that argument is no longer feasible. I simply argue that the defendant has forfeited the $2,000 street value fine because she failed to object and raise it in a post-trial motion. All right. Thank you, Ms. Sullivan. Ms. Donnelly, some rebuttal? Yes, briefly, Your Honors. Opposing counsel has focused a lot of his argument on whether or not trial counsel had another strategy. Again, it's not clear from the record what that strategy was, except maybe saying that Vito owned all of this marijuana that was found in her house, if it was, in fact, marijuana. But as discussed in the Miramontes case, again, cited on reply, is that in Miramontes, the defense counsel's strategy at trial was to argue that his client did not have knowledge of what was in the package, that the package contained methamphetamine. In that instance, those packages were commingled as well. And the First District found that it didn't matter. It didn't matter that counsel did have a strategy that he pursued based on challenging the element of knowledge. He still had this defense available, but these items were commingled. And since that would have resulted in an outright reversal, it was his duty not to stipulate and to pursue that. And we are arguing the exact same thing here. No matter what counsel's strategy was, as Justice O'Brien pointed out, it doesn't matter because it wouldn't have been affected. There's no reasonable strategy that would have been affected by just arguing it wasn't cannabis or it wasn't 732 grams of cannabis. And to continue with that line of thinking, there is no way now to prove weight. The bell has been rung. It has been combined. There is no way to take that apart. There is no testimony that will be provided. Now, in Coleman 1, that case was a direct appeal where trial counsel was alleged to have been ineffective for stipulating. Now, that was pursued through a post-conviction petition that was summarily dismissed. In the appeal of that case, no additional evidence was presented. The defendant presented no additional evidence, not a statement from the forensic scientist that I could not have determined after the fact, after the commingling occurred, that what was, you know, ex-substance and what was a lookalike substance. We don't need that evidence either. It's just common sense that once you combine everything, you cannot separate it. And again, as this court had found in Holiday, cannabis is not sufficiently homogenous. There is no way to be able to tell that one clump of item is cannabis and one isn't a lookalike substance. That's the whole point of a lookalike substance, that it's supposed to look alike and appear to be a controlled substance when it is, in fact, not. And the officers here gave no additional information as to this. Oh, I knew it by its smell. I knew it by its weight. I knew it by its texture. They just conclusively stated it was cannabis that we found. The prior fact was given no evidence except for that conclusion by the police officer witnesses that it was cannabis to determine whether for herself it was cannabis. And lastly, I do just want to mention that whether or not Ms. Salzonas agreed with stipulating to the weight or to the nature of the substance doesn't matter because whether she agreed to the defense counsel's strategy, defense counsel's strategy and decision to stipulate is defense counsel's province alone. It is not something that the defendant herself can do. She cannot stipulate to evidence. That's the attorney's job. That's why we hire an attorney to do that. And her counsel's lack of knowledge and lack of investigation should not be imputed to her, and she should not pay for his mistake. If your honors don't have any more questions. Thank you both for your arguments here today. This matter will be taken under advisement. Written disposition will be issued. We'll be in court in recess.